IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| RODNEY MANYON LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 621-086 |
| | ) | |
| DEPUTY WARDEN COX; UNIT MANAGER MARTIN; UNIT MANAGER JACKSON; DEPUTY WARDEN McFARLEY; and UNIT MANAGER WINFILL, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 24, 2021, Plaintiff submitted an unsigned complaint for filing, along with an unsigned motion to proceed *in forma pauperis* ("IFP"). (<u>See</u> doc. nos. 1, 2.) That same day, the Clerk of Court issued a deficiency notice and served it on Plaintiff at his address of record. (<u>See</u> doc. no. 5.) That notice from the Clerk of Court explained neither pleading was signed as required by the Court's Local Rules and Administrative Procedures and warned failure to correct the deficiency could result in dismissal. (<u>See</u> <u>id.</u>) The time to respond to the deficiency notice has passed, and Plaintiff has not submitted a signature for his complaint or IFP motion. Nor has he provided the Court with any explanation why he has not complied with the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply

with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to return the signature for his complaint and IFP motion, or even to provide the Court with an explanation for his failure to comply with the Clerk's deficiency notice, amounts not only to a failure to prosecute and a violation of the Federal and Local Rules as described above, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules.  Furthermore, as Plaintiff has sought to proceed IFP and no portion of the filing fee has been paid, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  In sum, the time to respond has passed, and Plaintiff has not signed his complaint as required.  Plaintiff's case should be dismissed.

The Court should deny Petitioner leave to appeal IFP. An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Thus, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP. See 28 U.S.C. § 1915(a)(3)

Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, all pending motions be **TERMINATED**, and that this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be denied leave to appeal IFP.

SO REPORTED and RECOMMENDED this 15th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA